IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA JANE COOPER,

        Plaintiff,                    No. CIV S-08-1859 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated March 19, 2008, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of degenerative disc disease of the cervical spine and impingement syndrome of the left shoulder but these impairments do not meet or medically equal a listed impairment; plaintiff is not credible; plaintiff can perform sedentary work; plaintiff cannot perform her past relevant work; and using Medical-Vocational Rule 201.25, plaintiff is not disabled. Administrative Transcript ("AT") 11-22. Plaintiff contends the ALJ improperly rejected the opinion of her treating

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

1 psychiatrist, improperly discredited her testimony and that of laywitnesses, and improperly relied
2 on the Medical-Vocational Guidelines. Plaintiff's first contention is dispositive of this matter.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends the ALJ erroneously rejected the opinion of her treating psychiatrist, Dr. Zia. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821,

3

1   830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional,
2   who has a greater opportunity to know and observe the patient as an individual.  <u>Id</u>.; <u>Smolen v.</u>
3   <u>Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).
4              To evaluate whether an ALJ properly rejected a medical opinion, in addition to
5   considering its source, the court considers whether (1) contradictory opinions are in the record,
6   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a
7   treating or examining medical professional only for "clear and convincing" reasons.  <u>Lester</u>, 81
8   F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be
9   rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  <u>Id</u>. at
10  830.  While a treating professional's opinion generally is accorded superior weight, if it is
11  contradicted by a supported examining professional's opinion (e.g., supported by different
12  independent clinical findings), the ALJ may resolve the conflict.  <u>Andrews v. Shalala</u>, 53 F.3d
13  1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  In
14  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
15  findings.  <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,
16  minimally supported opinion rejected); <u>see</u> <u>also</u> <u>Magallanes</u>, 881 F.2d at 751.  The opinion of a
17  non-examining professional, without other evidence, is insufficient to reject the opinion of a
18  treating or examining professional.  <u>Lester</u>, 81 F.3d at 831.
19             Dr. Zia opined in a medical assessment of ability to do work-related activities
20  (mental) form, dated June 22, 2006, that plaintiff had a poor ability to make occupational,
21  performance and personal/social adjustment in most of the categories itemized on the form.
22  AT 282-284, 286.  This form was completed at plaintiff's initial visit with Dr. Zia.  AT 282; <u>see</u>
23  <u>also</u> AT 338.  The ALJ rejected this opinion as inconsistent with the longitudinal records and the
24  mental symptoms plaintiff had reported to the psychiatric consultant who had examined plaintiff
25  just a few months prior to Dr. Zia's initial exam.  AT 14, 257-262.  The ALJ also noted that the
26  state agency physician in April 2006 found no severe mental impairment.  AT 14, 264.  The ALJ

4

further factored into the weight he accorded Dr. Zia's opinion plaintiff's refusal to be seen by the county mental health clinic, to which she was referred by Dr. Zia in March 2007. AT 14, 310, 311. These reasons are specific and legitimate and are a sufficient basis for rejecting Dr. Zia's initial assessment.

However, the ALJ incorrectly stated plaintiff had less than a year's treatment with Dr. Zia. After the initial visit with Dr. Zia in June 2006, the medical records indicate plaintiff's last visit was in September 2007, more than a year later. AT 309. Defendant relies on the second state agency psychiatric opinion rendered in February 2007, which also found no psychiatric impairment. AT 290-291. The case analysis provided to the reviewing physician does not indicate that updated psychiatric records from Dr. Zia were made available for review by this physician. Id. The state agency analysis notes, however, that plaintiff was experiencing worsening physical symptoms starting in January 2006. AT 290. Plaintiff also reported to a consultative examiner in July 2006 that she suffered from anxiety attacks and had difficulty falling asleep. AT 285, 287. Plaintiff also reported new symptoms associated with fibromyalgia beginning in June 2006. AT 169. While the ALJ may have had a proper basis for rejecting Dr. Zia's initial opinion, he does not appear to have given appropriate consideration to plaintiff's subsequent psychiatric treatment and possible mental limitations due to increased anxiety symptoms and panic attacks. Under these circumstances, it was incumbent upon the ALJ to obtain an updated psychiatric assessment, either from plaintiff's treating psychiatrist or an independent consultative psychiatric examiner, and to consider whether plaintiff may have had an onset date of disability later than the one alleged. See Armstrong v. Commissioner of Social Sec. Admin., 160 F.3d 587, 589-90 (9th Cir. 1998); 20 C.F.R. § 416.917, 416.919a.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

/////

1   Accordingly, IT IS HEREBY ORDERED that:

2   1. Plaintiff's motion for summary judgment is denied;

3   2. The Commissioner's cross-motion for summary judgment is denied; and

4   3. This matter is remanded for further proceedings consistent with this order.

5   DATED: March 28, 2010.

_____
U.S. MAGISTRATE JUDGE

006
cooper.ss